UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES K. KORNHARDT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-214 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on movant James Kornhardt's pro se motion to reconsider made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and motion for an evidentiary hearing and for appointment of counsel. Movant objects to the denial of his habeas petition, which was filed pursuant to 28 U.S.C. § 2255. For the following reasons, movant's motions will be denied.

This Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. (quoting Innovative Home Health Care, 141 F.3d

at 1286)). In order to prevail on a Rule 59(e) motion, "the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." Id. (citing U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003)).

Movant has not shown that he is entitled to relief pursuant to Rule 59(e). Movant has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law. The case upon which movant bases his motion to reconsider, Washington v. Secretary Pa. Dep't of Corr., 801 F.3d 160, 162 (3d Cir. 2015), was decided before judgment was entered in this case. Movant could have brought this case to the Court's attention prior to the entry of judgment. But in any event, there is nothing in movant's motion to reconsider that would have changed the outcome in this case. Movant raised the admission of Steven Mueller's statements on direct appeal, and the Eighth Circuit Court of Appeals found the argument to be without merit. United States v. Mueller, 661 F.3d 338, 349 (8th Cir. 2011). Movant is, therefore, precluded from raising it again in his § 2255 motion. See Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003); Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992). Moreover, movant's counsel was not ineffective for failing to adequately raise the issue because his counsel did challenge the admissibility of Steven Mueller's statements. The Court ruled the statements were admissible, which was affirmed on appeal. Movant's assertions in his motion to reconsider do not provide grounds for relief from the judgment in this case.

Movant also requests that the Court schedule an evidentiary hearing and appoint counsel because the government "elected not to contest" his motion for reconsideration. The Court finds

there is no reason to hold an evidentiary hearing in this closed matter as movant's motion to reconsider is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that movant James Kornhardt's motion to reconsider pursuant to Rule 59(e) is **DENIED**. (Doc. 29)

**IT IS FURTHER ORDERED** that movant James Kornhardt's motion to schedule an evidentiary hearing and for appointment of counsel is **DENIED.** (Doc. 30)

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of June, 2016.